The chancellor, in this case, dismissed the appellant’» bill, without assigning any reason for doing so; and the *420 counsel for the appellee stated four points in support of the decree;
1st. That, if the appellant had a right, he had a complete remedy at law, and therefore a court of equity had no jurisdiction of the cause.
2d. His action was barred by the statute of limitations.
3d. The promise, or declaration of Osborne, as stated in the bill, was void for want of a consideration; and,
4th. If good, the legacies to his wife, of which he had the benefit during his life, ought to be regarded as a satisfaction, pro tanto, of his engagement.
But we are of opinion, 1st. That a bill in chancery was necessary to discover whether, and at what time, the money due on Anderson’s bond was recovered and received by Osborne’s executors; 2d. That the appellant was not barred by the statute of limitations, as he had ho right to the money, under the said promise, until it should be recovered of Anderson, the time of which was uncertain, and which, it appears, did not happen until the year 1793; 3d. That a very good and sufficient consideration is charged in the bill, and proved by sundry witnesses; and, lastly, that the legacies to the appellant’s wife, being for life only, are by no means a satisfaction, pro tanto, of the engagement of the testator Osborne ,* it being a promise of a specific debt, when recovered, to be applied to a particular purpose.
The decree, therefore, ought to be reversed, with costs.
“ Decree reversed; and, this court proceeding, &c. it is decreed and ordered that the appellee, Conrad Webb, executor of Abner Osborne, the surviving executor of William Osborne, out of the estate of the said William Osborne, pay to the appellant the full amount of the debt, with the interest thereon, by him recovered and received, on the bond of Henry Anderson, in the proceedings mentioned, and also interest, at the rate of 5 per centum per annum, on the said aggregate sum, from the time the *421 same was received by the said executor, until payment thereof shall be made by' virtue of this decree. And it is ordered that the cause be remanded to the said court of chancery, for such further proceedings to be had therein, as shall be deemed necessary to carry this decree into full effect,”